**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000988**
**20-JUN-2014**
**07:53 AM**

NO. CAAP-12-0000988

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HEATHER E. HEERS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3P611-0204)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

This case involves an altercation that occurred between Defendant-Appellant Heather E. Heers ("Heers") and Shannon Kaneshiro ("Kaneshiro") on the evening of September 6, 2010, at a condominium unit in Waikoloa, Hawai'i, and an assault by Heers against Kaneshiro that was alleged to have occurred as Kaneshiro walked outside the same condominium complex later that evening. In a bench trial conducted in the District Court of the Third Circuit ("District Court"),[1] the court found Heers guilty of the offense of Assault in the Third Degree, Hawaii Revised Statutes ("HRS") § 707-712(1)(a).[2] Heers appeals from the Notice of

---

[1]    The Honorable Melvin H. Fujino presided.

[2]    HRS § 707-712 provides that

    (1) A person commits the offense of assault in the third degree if the person:

        (a)    Intentionally, knowingly, or recklessly causes bodily injury to another person; or

        (b)    Negligently causes bodily injury to another

(continued...)

Entry of Final Judgment and/or Order; Judgment of Conviction & Sentence ("Judgment") entered on October 16, 2012 by the District Court.

On appeal, Heers contends that the District Court erred in finding her guilty of Assault in the Third Degree because there was insufficient evidence to prove that she engaged in conduct causing Kaneshiro to suffer bodily injury.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Heers's appeal as follows:

In order to sustain a conviction on its charge of Assault in the Third Degree, the State was required to prove beyond a reasonable doubt that Heers (1) "cause[d]" (2) "bodily injury" (3) "to another person", with the mens rea of intentionally, knowingly, or recklessly. HAW. REV. STAT. § 707-712(1); see State v. Lima, 64 Haw. 470, 474, 643 P.2d 536, 539 (1982) ("[A]n accused in a criminal case can only be convicted upon proof by the prosecution of every element of the crime charged beyond a reasonable doubt.") (citing State v. Nuetzel, 61 Haw. 531, 606 P.2d 920 (1980)). Heers contends that, even when the evidence is viewed in the light most favorable to the prosecution, the State failed to adduce substantial evidence to establish the conduct element of the offense, namely, that Heers caused Kaneshiro's injury. See HAW. REV. STAT. § 702-205 (1993).

A trial court, "as trier of fact, 'may draw all reasonable and legitimate inferences and deductions from the evidence adduced[.]'" State v. Pone, 78 Hawai'i 262, 273, 892 P.2d 455, 466 (1995) (quoting State v. Batson, 73 Haw. 236, 245-46, 831 P.2d 924, 930 (1992)). Despite the fact that Kaneshiro

---

2/ (...continued)
person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

HAW. REV. STAT. § 707-712 (1993).

was unable to identify Heers as the person who caused her injury, circumstantial evidence was introduced at trial from which the District Court could reasonably infer that Heers committed the crime. *See id.*

Kaneshiro testified that she was not injured during her altercation with Heers at the party inside the condominium. She testified, however, that when she returned to the condominium complex area, she saw Heers on the lanai of the condominium and recognized Heers's voice yelling at her from the other side of the fence. As she continued walking along the sidewalk next to the complex, she then heard someone moving through the grass toward her. The next thing that she remembered was waking up on the sidewalk.

According to Taividi Justin Taylor ("Taylor"), a former co-worker of Heers, Heers told him, "you should['ve] seen my fight last night, it was like a UFC fight." He also said that Heers related that she "pounded on" Kaneshiro. Finally, Taylor testified that Heers said the fight occurred outside of her home.

Heers testified that the fight had occurred earlier in the evening inside the condominium, and that she had not beaten up Kaneshiro outside later at night. The trial court, as fact-finder, presumably found Heers's testimony not to be credible. *See State v. Eastman*, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996) ("It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact[.]" (citing *Lono v. State*, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981)).

In sum, viewing the evidence in the light most favorable to the prosecution, there was substantial evidence adduced at trial to support the conclusion that Heers caused Kaneshiro's bodily injury, thereby committing the offense of Assault in the Third Degree. *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting *State v. Quitog*, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)); HAW. REV. STAT. § 707-712(1). The argument that there was insufficient evidence to sustain the conviction is without merit.

3

Therefore,

The Notice of Entry of Final Judgment and/or Order; Judgment of Conviction & Sentence entered on October 16, 2012, in the District Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, June 20, 2014.

On the briefs:

Page C. Kraker,
Deputy Public Defender,
for Defendant-Appellant.

Linda Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge